LAWRENCE G. BROWN
Acting United States Attorney
SARALYN M. ANG-OLSON, SBN 197404
Special Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:08-CV-02782-LKK-DAD |
|---|---|---|
| Plaintiff, | ) | **JOINT STATUS (PRETRIAL SCHEDULING) REPORT,** |
| v. | ) | **STIPULATION FOR STAY, ORDER** |
| APPROXIMATELY $715.00 IN U.S. CURRENCY, AND | ) | |
| 33 ASSORTED CASHIER'S CHECKS VALUED AT APPROXIMATELY $66,445.13 IN U.S. CURRENCY, | ) | DATE: March 16, 2009<br>TIME: 3:00 p.m.<br>COURTROOM: 4 |
| Defendants. | ) | |

Plaintiff United States of America and claimant Rene Wright submit the following Joint Status (Pretrial Scheduling) Report pursuant to the Court's December 9, 2008, order.

(a) **Names of Parties Represented by Counsel**: The United States Attorney's Office, through the undersigned counsel, represents the plaintiff United States of America ("the United States"). James R. Greiner represents claimant Rene Wright ("Wright").

//

1

1     (b) **Summary of Facts and Legal Theories**: The United States
2 alleges that the defendants Approximately $715.00 in U.S. Currency
3 and 33 Assorted Cashier's Checks valued at approximately $66,445.13
4 in U.S. Currency, listed in **Exhibit A** (collectively, "defendant
5 assets") are forfeitable to the United States pursuant to 21 U.S.C.
6 § 881(a)(6) because they are proceeds traceable to an exchange for
7 a controlled substance or listed chemical in violation of 21 U.S.C.
8 § 841 et seq.

9     The United States also alleges that the defendant assets are
10 forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) because Wright
11 conducted or attempted to conduct financial transactions with
12 proceeds of drug trafficking, knowing that the transactions were
13 designed in whole or in part to conceal or disguise the nature,
14 location, source, or ownership of the proceeds of drug trafficking,
15 and that while conducting or attempting to conduct such financial
16 transactions knew that the property involved in the financial
17 transactions represented the proceeds of some form of unlawful
18 activity, all in violation of 18 U.S.C. § 1956(a)(1)(B)(I).

19     (c) **Progress in the Service of Process**: All known potential
20 claimants have been served with the Complaint for Forfeiture In
21 Rem, Application and Order for Publication, Warrant for Arrest, and
22 Court Notices. Wright is also represented by Greiner in the
23 related underlying criminal case, U.S. v. Rene Wright, et al.,
24 2:08-CR-00212-LKK. Wright received notice of the forfeiture in the
25 instant action through Greiner, who was served on November 24,
26 2008, pursuant to the Federal Rules of Civil Procedure,
27 Supplemental Rules for Certain Admiralty and Maritime Claims, Rule

G(4)(b)(iii)(B). Another potential claimant, Robert Murdoch ("Murdoch"), Wright's mother, was personally served on December 23, 2008. Accordingly, service is complete.

In addition, notice of the forfeiture was published for 30 consecutive days on the official government Internet site (www.forfeiture.gov) commencing on December 3, 2008, in accordance with the Court's December 1, 2008, Order for Publication. Proof of Publication has been filed with the Court.

Greiner requested from the United States, and the United States granted, a 30-day extension of time to file a claim in this action on behalf of Wright. On February 27, 2009, Wright filed her Verified Statement Of Interest And Claim To The Property, Approximately $715.00 And 33 Assorted Cashier's Checks Valued At Approximately $66,445.13 All In U.S. Currency.

Murdoch, on the other hand, has not filed any claim in this action. Because Murdoch was personally served with notice of this action on December 23, 2008, Murdoch's time to file a claim has passed. On February 27, 2009, Greiner represented to counsel for the United States that he learned recently of Murdoch's intention to file a claim in this action, based on which information Greiner thereby requested an extension of time on behalf of Murdoch due to a possible conflict of interest in his legal representation of both Wright and Murdoch.

    (d) **Possible Joinder of Additional Parties**: None anticipated.

    (e) **Any Expected or Desired Amendment of Pleadings**: None.

    (f) **Statutory Basis for Jurisdiction and Venue**: The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and

1355(a). Venue is proper in this district pursuant to 28 U.S.C.
§ 1395, 21 U.S.C. § 881(j), and 18 U.S.C. § 981(h).

(g) **Anticipated Motions with the Scheduling Thereof**: The United States and Wright request that this case not be scheduled at this time because they are requesting a stay of further proceedings until the conclusion of the criminal case as explained in the following paragraph.

(h) **Anticipated Discovery and the Scheduling Thereof**:

Pursuant to 18 U.S.C. §§ 981(g)(1) and (g)(2) and 21 U.S.C. § 881(i), the United States and Wright have agreed to and hereby request a stay of further proceedings in this case.

The United States contends that the defendant assets are the proceeds of drug trafficking, that Wright conducted or attempted to conduct financial transactions with these proceeds of drug trafficking under 21 U.S.C. § 841 et seq., and that defendant assets are therefore forfeitable to the United States under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

The United States intends to depose Wright since she has filed a claim in this case, in order to discover further her involvement in drug trafficking, as well as the source or sources of the defendant assets. If discovery proceeds, Wright would be placed in the difficult position of either invoking her Fifth Amendment right against self-incrimination and losing the ability to protect her alleged interest in the defendant assets, or waiving her Fifth Amendment rights and submitting to depositions, thereby potentially incriminating herself in the pending and related criminal matter. If Wright as a claimant invokes her Fifth Amendment rights, the

4

United States will be deprived of the ability to explore the factual basis for the claim she filed in this action and the defenses she may raise in any Answer she files.

In addition, Wright as claimant in this action is expected to attempt to depose law enforcement officers who were involved in the drug trafficking investigation that resulted in the seizure of the defendant assets. Allowing depositions of these officers would adversely affect the ability of the United States to conduct its related criminal prosecution of Wright.

Accordingly, both the United States and Wright agree that proceeding with this action at this time has potentially adverse effects on the prosecution of the related criminal case and/or upon Wright's ability to prove her claim to the defendant assets and to contest the Unites States' allegations that the defendant assets are forfeitable. For these reasons, the parties hereby request that this matter be stayed until the close of the criminal case, at which time the parties will advise the Court whether a further stay is necessary.

(i) **Further Proceedings and Scheduling of Pretrial Conference and Trial**: None. However, by agreeing to a stay of the civil action for reasons related to civil discovery and the ongoing prosecution of a related criminal case under 18 U.S.C. § 981(g), the United States does not relieve any other potential claimant from filing a timely verified claim in this action. If within two weeks of February 27, 2009, or effectively March 13, 2009, potential claimant Murdoch has not filed any claim, the United States intends to seek entry of default against Murdoch.

(j) **Appropriateness of Special Procedures**:  None.

        (k) **Any Timely Demand for Trial by Jury**:  None.

        (l) **Estimate of Trial Time**:  Not applicable; no trial demanded.

        (m) **Modification of Standard Pretrial Procedures**:  Not applicable at present time, since parties are requesting a stay.

        (n) **Related Matters**:  This case is related to <u>U.S. v. Rene Wright, et al.</u>, 2:08-CR-00212-LKK.  A Notice of Related Cases was filed on November 25, 2008.

        (o) **Stipulation to Trial Judge as Settlement Judge**: Due to request by parties for a stay, this matter will be addressed after conclusion.

        (p) **Report on Use of the Voluntary Dispute Resolution Program ("VDRP")**:  The parties do not believe VDRP is appropriate in this case.

        (q) **Other Matters**:

           None known at this time.

DATED: March 2, 2009           LAWRENCE G. BROWN
                               Acting United States Attorney


                               /s/ Saralyn M. Ang-Olson
                               SARALYN M. ANG-OLSON
                               Special Assistant U.S. Attorney


Dated: March 2, 2009            /s/ James R. Greiner
                               JAMES R. GREINER
                               Attorney for Claimant
                               Rene Wright

                               (Original signature retained by
                               attorney)

6

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(I) until the conclusion of the criminal case, at which time the parties will advise the Court whether a further stay is necessary.

The Status (Pretrial Scheduling) Conference scheduled for March 16, 2009, is hereby vacated.

**IT IS SO ORDERED.**

Dated: March 4, 2009.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7

**EXHIBIT A**

a. Umpqua Cashier's Check #585090 in the amount of $1,200.00;
b. Umpqua Cashier's Check #585236 in the amount of $1,000.00;
c. Umpqua Cashier's Check #587149 in the amount of $500.00;
d. Umpqua Cashier's Check #585202 in the amount of $1,900.00;
e. Umpqua Cashier's Check #585275 in the amount of $2,000.00;
f. Umpqua Cashier's Check #585326 in the amount of $872.50;
g. Umpqua Cashier's Check #6020955 in the amount of $5,629.15;
h. Umpqua Cashier's Check #6020987 in the amount of $7,075.60;
I. Umpqua Cashier's Check #6128863 in the amount of $1,000.00;
j. Umpqua Cashier's Check #6128934 in the amount of $575.00;
k. Umpqua Cashier's Check #6129010 in the amount of $575.00;
l. Umpqua Cashier's Check #6128806 in the amount of $575.00;
m. Umpqua Cashier's Check #6129102 in the amount of $2,575.00;
n. Umpqua Cashier's Check #6130048 in the amount of $3,500.00;
o. Umpqua Cashier's Check #6130046 in the amount of $3,500.00;
p. Umpqua Cashier's Check #6129134 in the amount of $3,000.00;
q. Umpqua Cashier's Check #6129292 in the amount of $1,500.00;
r. Umpqua Cashier's Check #6227319 in the amount of $2,500.00;
s. Umpqua Cashier's Check #6227359 in the amount of $3,900.00;
t. Umpqua Cashier's Check #6227394 in the amount of $2,000.00;
u. Umpqua Cashier's Check #6227419 in the amount of $2,000.00;
v. Umpqua Cashier's Check #6227420 in the amount of $800.00;
w. Umpqua Cashier's Check #6227455 in the amount of $3,000.00;
x. Umpqua Cashier's Check #6227456 in the amount of $1,000.00;
y. Umpqua Cashier's Check #6227467 in the amount of $1,500.00;
z. Umpqua Cashier's Check #6227490 in the amount of $1,000.00;

aa. Umpqua Cashier's Check #6227551 in the amount of $2,000.00;

bb. Umpqua Cashier's Check #6227552 in the amount of $1,300.00;

cc. Western Sierra Cashier's Check #138763 in the amount of $2,642.88;

dd. Western Sierra Cashier's Check #139514 in the amount of $1,450.00;

ee. Umpqua Cashier's Check #148443 in the amount of $1,000.00;

ff. Umpqua Cashier's Check #148203 in the amount of $1,150.00; and

gg. Umpqua Cashier's Check #148296 in the amount of $2,225.00.